# STATE OF WEST VIRGINIA

# SUPREME COURT OF APPEALS

**THELMA SIZEMORE,**
**Claimant Below, Petitioner**

**FILED**

December 6, 2019
**EDYTHE NASH GAISER**, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)    No. 19-0161** (BOR Appeal No. 2053224)
                    (Claim No. 2017014661)

**WYOMING COUNTY COUNCIL ON AGING,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Thelma Sizemore, by Counsel Reginald D. Henry, appeals the decision of the West Virginia Workers' Compensation Board of Review ("Board of Review"). Wyoming County Council on Aging, by Counsel Noah A. Barnes and Jeffrey B. Brannon, filed a timely response.

The issue on appeal is permanent partial disability. The claims administrator granted a 6% permanent partial disability award on July 5, 2017. The Office of Judges reversed the decision in its July 31, 2018, Order, granted a 2% permanent partial disability award, and found that any benefits paid in excess of 2% be deemed an overpayment. The Order was affirmed by the Board of Review on January 28, 2019.

The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Sizemore, an in-home care provider, was injured in the course of her employment on December 13, 2016, when she slipped off the back of a truck. A treatment note from Beckley Appalachian Regional Healthcare that day indicated Ms. Sizemore was seen for a work-related left wrist injury. An x-ray showed a comminuted fracture of the distal radius, subluxation of the ulnocarpal joint, positive ulnar variance, and soft tissue swelling around the wrist joint. A CT scan showed a distal radius fracture, a proximal fracture of the distal radius which was extruding into the distal radioulnar joint, and positive ulnar variance. Ms. Sizemore underwent left wrist surgery for a distal radius fracture on December 14, 2016.

1

The Employees' and Physicians' Report of Injury was completed on December 19, 2016, and indicates Ms. Sizemore injured her left wrist when she fell off the back of a truck. The physician's section was completed at Beckley Appalachian Regional Healthcare and lists the diagnosis as a displaced fracture of the left distal radius. The claim was held compensable for left distal radius fracture on December 29, 2016.

On May 9, 2017, Joseph Grady, M.D., performed an independent medical evaluation in which he diagnosed left wrist distal radius fracture. He noted that Ms. Sizemore had recently undergone a functional capacity evaluation but he did not have access to the results.[1] He found that she had reached maximum medical improvement and assessed 6% impairment for range of motion loss in the left wrist.

In a May 30, 2017, addendum to his report, Dr. Grady stated that he had received a copy of Ms. Sizemore's functional capacity evaluation. He stated that the evaluation found she was at the sedentary physical demand level. The evaluator believed she would benefit from a work conditioning program to improve strength, range of motion, and endurance in the left upper extremity. Dr. Grady opined that it would be reasonable to allow Ms. Sizemore to participate in work conditioning. He stated that if she chose to participate, she would not be at maximum medical improvement and should undergo a reevaluation after completion of a work hardening program. On July 5, 2017, the claims administrator granted a 6% permanent partial disability award based on Dr. Grady's initial evaluation.

Robert Walker, M.D., performed an independent medical evaluation on December 8, 2017, in which he noted that Ms. Sizemore complained of pain, stiffness, and weakness in her left wrist and arm. Dr. Walker assessed 7% upper extremity impairment for limited range of motion in the elbow and 11% for limited range of motion in the left wrist. Combined and converted into whole person impairment, his assessment was 10% impairment.

On January 24, 2018, Prasadarao Mukkamala, M.D., performed an independent medical evaluation in which he found no range of motion deficits in the left elbow. He measured mild limitations in the left wrist. Dr. Mukkamala opined that Ms. Sizemore had reached maximum medical improvement. He assessed 2% impairment for left wrist range of motion loss. Dr. Mukkamala found that her left wrist range of motion had improved significantly since Dr. Grady's evaluation. Dr. Mukkamala opined that Dr. Walker's range of motion findings were inconsistent with the findings of Dr. Grady and himself. Elbow range of motion was normal for both Drs. Grady and Mukkamala and radial and ulnar deviation were also normal for both evaluations.

In a July 31, 2018, Order, the Office of Judges reversed the claims administrator's decision granting a 6% permanent partial disability award and instead granted a 2% permanent partial disability award. The Office of Judges further ordered that any permanent partial disability benefits paid in excess of 2% be deemed an overpayment. It determined that Dr. Grady's assessment of 6% impairment was made prematurely. In an addendum to his report, Dr. Grady stated that Ms.

---

[1] The functional capacity evaluation was not introduced into the evidentiary record.

Sizemore was to undergo work conditioning and therefore was not at maximum medical improvement. The Office of Judges concluded that a preponderance of the evidence indicates she has now reached maximum medical improvement. It determined that Dr. Mukkamala provided the most accurate assessment of her impairment. Dr. Walker's findings were found to be unsupported by the medical evidence. Dr. Walker was the only evaluator of record to find impairment for the left elbow and for radial and ulnar deviation of the left wrist. In his report, Dr. Mukkamala found that Ms. Sizemore's left wrist range of motion had improved since her evaluation with Dr. Grady seven months prior. The Office of Judges found that Dr. Grady stated in the addendum to his report that he was incorrect about Ms. Sizemore being at maximum medical improvement at the time of his evaluation. He recommended work conditioning in order to improve her left wrist/arm range of motion. Therefore, Dr. Mukkamala's finding that Ms. Sizemore's range of motion improved is consistent with the evidentiary record. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on January 28, 2019.

After review, we agree with the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review. Permanent partial disability awards are awarded to employees only after they have reached maximum medical improvement. West Virginia Code § 23-4-7a (2017). Dr. Grady's conclusion of 6% impairment is not reliable as he found after his evaluation that Ms. Sizemore was not at maximum medical improvement. Dr. Walker's findings are less reliable than Dr. Mukkamala's. Dr. Mukkamala found no range of motion loss in the left elbow and 2% impairment for left wrist range of motion loss. Dr. Walker, on the other hand, found impairment for left elbow range of motion loss as well as ulnar and radial deviation. He was the only evaluator of record to do so and his impairment assessment is not in accordance with the remainder of the evidentiary record.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it so clearly wrong based upon the evidentiary record that even when all inferences are resolved in favor of the Board of Review's findings, reasoning and conclusions, there is insufficient support to sustain the decision. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: December 6, 2019**

**CONCURRED IN BY:**
Chief Justice Elizabeth D. Walker
Justice Margaret L. Workman
Justice Tim Armstead
Justice Evan H. Jenkins
Justice John A. Hutchison